FILED

2012 May-22  AM 09:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
**Northeastern Division**

FILED

2012 MAY 21  P 4: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **BARBARA BOBO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action N~·**  CV-12-S-1930-NE |
| | ) | |
| v. | ) | |
| | ) | **Jury Demand** |
| **AGCO CORPORATION f/k/a ALLIS** | ) | |
| **CHALMERS COMPANY** (sued as | ) | |
| successor to MASSEY FERGUSON | ) | |
| LIMITED); | ) | |
| | ) | |
| **CBS CORPORATION (a Delaware** | ) | |
| **Corporation) f/k/a VIACOM, INC.** | ) | |
| (sued as successor-by-merger to CBS | ) | |
| CORPORATION (a Pennsylvania | ) | |
| Corporation) f/k/a WESTINGHOUSE | ) | |
| ELECTRIC CORPORATION); | ) | |
| | ) | |
| **CONOPCO, INC. d/b/a UNILEVER** | ) | |
| **UNITED STATES, INC.** (individually | ) | |
| and successor-by-merger to HELENE | ) | |
| CURTIS INDUSTRIES, INC.); | ) | |
| | ) | |
| **CONSOLIDATED ALUMINUM** | ) | |
| **CORPORATION a/k/a CONLACO,** | ) | |
| **INC.;** | ) | |
| | ) | |
| **DANA COMPANIES LLC** (sued | ) | |
| individually and as successor-in-interest | ) | |
| to VICTOR GASKET | ) | |
| MANUFACTURING COMPANY); | ) | |
| | ) | |
| **FORD MOTOR COMPANY;** | ) | |
| | ) | |
| **METROPOLITAN LIFE** | ) | |
| **INSURANCE COMPANY;** | ) | |
| | ) | |
| **TENNESSE VALLEY AUTHORITY;** | ) | |
| | ) | |
| **UNILEVER UNITED STATES, INC.** | ) | |

(individually and successor-by-merger to        )
HELENE CURTIS INDUSTRIES, INC.);        )
                                        )
                                        )
        **Defendants.**                 )

## COMPLAINT

### THE PARTIES

1.     Plaintiff, BARBARA BOBO, was born on March 3, 1942, and is a resident citizen of the State of Alabama.

2.     Upon information and belief, and at all times hereinafter, each of the Defendants was the agent, servant, employee and/or joint venture of its Co-Defendants and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employee and/or joint venture.  For purposes of this complaint, each Defendant hereinafter mentioned shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. At all relevant times, Defendants designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products or equipment.

3.     Defendant, **AGCO CORPORATION f/k/a ALLIS CHALMERS COMPANY** (sued as successor to MASSEY FERGUSON LIMITED), (hereinafter referred to as AGCO CORPORATION), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Georgia.  At all times material hereto, AGCO CORPORATION developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment. Defendant AGCO CORPORATION has and does business in the State of Alabama.

4.     Defendant, **CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a

WESTINGHOUSE ELECTRIC CORPORATION), (hereinafter referred to as CBS CORPORATION), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, CBS CORPORATION developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment. Defendant CBS CORPORATION has and does business in the State of Alabama.

5. Defendant, **CONOPCO, INC. d/b/a UNILEVER UNITED STATES, INC.** (individually and successor-by-merger to HELENE CURTIS INDUSTRIES, INC.), (hereinafter referred to as CONOPCO, INC.), was and is a company incorporated under the laws of the State of New York with its principal place of business in New Jersey. At all times material hereto, CONOPCO, INC. developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment. Defendant CONOPCO, INC. has and does business in the State of Alabama.

6. Defendant, **CONSOLIDATED ALUMINUM CORPORATION a/k/a CONLACO, INC.,** (hereinafter referred to as CONSOLIDATED ALUMINUM), was and is a company incorporated under the laws of the State of New York with its principal place of business in New Jersey. At all times material hereto, CONSOLIDATED ALUMINUM developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment, and owned the premises where Plaintiff's deceased husband worked with asbestos-containing equipment and/or products and thereby exposed Plaintiff to asbestos dust. Defendant CONSOLIDATED ALUMINUM has and does business in the State of Alabama.

7. Defendant, **DANA COMPANIES LLC** (sued individually and as successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY), (hereinafter referred to as DANA COMPANIES), was and is a company incorporated under the laws of the State of Virginia with its

3

principal place of business in Ohio. At all times material hereto, DANA COMPANIES developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment. Defendant DANA COMPANIES has and does business in the State of Alabama.

8.      Defendant, **FORD MOTOR COMPANY**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Michigan. At all times material hereto, FORD MOTOR COMPANY developed, manufactured, marketed, distributed and/or sold asbestos-containing products and/or equipment. Defendant FORD MOTOR COMPANY has and does business in the State of Alabama.

9.      Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, was and is a company incorporated under the laws of the State of New York with its principal place of business in New York. At all times material hereto, METROPOLITAN LIFE INSURANCE COMPANY conspired with other asbestos suppliers and product manufacturers to mislead the public as to the hazards of asbestos. Defendant METROPOLITAN LIFE INSURANCE COMPANY has and does business in the State of Alabama.

10.     Defendant, **TENNESSE VALLEY AUTHORITY**, was and is a corporate agency of the United States government with its principal place of business in Tennessee. At all times material hereto, TENNESSE VALLEY AUTHORITY owned the premises where Plaintiff's deceased husband worked with asbestos-containing equipment and/or products and thereby exposed Plaintiff to asbestos dust. Defendant TENNESSE VALLEY AUTHORITY has and does business in the State of Alabama.

11.     Defendant, **UNILEVER UNITED STATES, INC.** (individually and successor-by-merger to HELENE CURTIS INDUSTRIES, INC.), (hereinafter referred to as UNILEVER UNITED STATES, INC.), was and is a company incorporated under the laws of the State of Delaware with its

4

principal place of business in New Jersey. At all times material hereto, UNILEVER UNITED

STATES, INC. developed, manufactured, marketed, distributed and/or sold asbestos-containing

products and/or equipment. Defendant UNILEVER UNITED STATES, INC. has and does business

in the State of Alabama.

## FACTUAL ALLEGATIONS

12.     Plaintiff, BARBARA BOBO, was wrongfully exposed to and inhaled, ingested or

otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below:

(a)     Plaintiff BARBARA BOBO experienced exposure to asbestos as a result of

direct contact with her husband, James Bobo, and through laundering his

clothing that was covered with asbestos-containing dust. James Bobo worked

as a machine operator and laborer for Alabama Wire Plant/Phelps Dodge

Plant in Florence, Alabama, from approximately 1963 to 1975, and as a

laborer at Brown's Ferry Nuclear Plant in Athens, Alabama, from 1975-1985.

Plaintiff was exposed through her husband, James Bobo, to asbestos-

containing products and equipment including, but not limited to, insulation,

pumps, valves, gaskets, boilers, as well as other asbestos-containing

equipment and machinery.

(b)     Plaintiff BARBARA BOBO experienced exposure to asbestos from

approximately the 1940's to the late 1950's through her father, Clifton Wear.

Plaintiff BARBARA BOBO's exposure was a result of observing her

Father who worked as a farmer, performing maintenance to his tractors in

Florence, Alabama. As such, Plaintiff was exposed to asbestos-containing

friction products, as well as other asbestos-containing products.

(c)   Plaintiff BARBARA BOBO experienced occupational exposure to asbestos while working as a beautician in Florence, Alabama, from 1976-1990's. BARBARA BOBO used asbestos-containing stationary hair dryers during her career as a beautician.

13.   Plaintiff BARBARA BOBO was exposed to asbestos and/or asbestos-containing products, products designed to be used with asbestos-containing products, and/or products that foreseeably would be used with asbestos-containing products, which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

14.   At all times herein set forth, the Defendants' Products were being employed in the manner and for the purposes for which they were intended.

15.   Plaintiff BARBARA BOBO's exposure to and inhalation, ingestion or absorption of asbestos fibers emanating from the use of the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants.

16.   The Defendants knew or should have known that the asbestos fibers contained in their products and/or the products with which their products were designed to be used had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

17.   Plaintiff BARBARA BOBO suffers from asbestos-related malignant mesothelioma. Plaintiff BARBARA BOBO was first diagnosed with this disease on or about December 13, 2011, and subsequently thereto, became aware that the same was wrongfully caused. As a result of developing mesothelioma, Plaintiff BARBARA BOBO has endured great physical pain and suffering, mental anguish, emotional pain and suffering, and loss of enjoyment of life. As a result of Defendants' wrongful conduct, Plaintiff BARBARA BOBO was required to receive medical

6

treatment to mitigate her asbestos-related mesothelioma, incurring reasonable and necessary costs for medical care, diagnosis, and treatment. Further, as a result of Defendants' wrongful conduct, Plaintiff BARBARA BOBO has incurred a substantial loss of income.

## DIVERSITY JURISDICTION AND VENUE

18.    Complete diversity of citizenship exists in this case as the Plaintiff BARBARA BOBO is an Alabama resident citizen and Defendants have at all relevant times hereto conducted business in the State of Alabama but are not corporate citizens of Alabama.

19.    This court has original jurisdiction over these federal claims pursuant to 28 U.S.C. section 1332 because: (a) the matter in controversy exceeds $75,000 exclusive of interest and costs; and, (b) the matter is between citizens of different states.

20.    Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this case occurred within this district, and at least one party resides in this Northern District of Alabama.

## COUNT ONE

## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
### (Against All Defendants, Except Metropolitan Life Insurance Company)

21.    Plaintiff adopts and incorporates by reference all the above allegations in Paragraphs 1 through 20.

22.    At all times material hereto, the Defendants have been engaged and/or involved in the business of developing, selling, distributing, manufacturing, marketing, and promoting asbestos

and/or asbestos-containing products, products that are unreasonably dangerous, and therefore defective.

23.     At all times material hereto, Defendants' products were sold, distributed, manufactured, promoted and marketed by the Defendants, and were expected to reach, and did reach consumers, including Plaintiff BARBARA BOBO, without substantial change in the condition in which they left the possession of Defendants.

24.     Plaintiff BARBARA BOBO, her husband, James Bobo, and her father, Clifton Wear, were unaware of the significant hazards and defects in Defendants' products because Defendants failed to provide direct information to their consumers (including the Plaintiff BARBARA BOBO) of these hazards and defects. Therefore, Defendants' products were unreasonably dangerous in that they were more dangerous than would be reasonably contemplated by the ordinary user. During the periods that Plaintiff was exposed to Defendants' asbestos and/or asbestos-containing products, the products were utilized in a manner which was intended by Defendants.

25.     Defendants had superior knowledge of the defective and/or unreasonably dangerous nature of their products. Defendants held themselves out to Plaintiff BARBARA BOBO and others similarly situated as having superior knowledge of the alleged safety and efficacy of their products. Plaintiff BARBARA BOBO had no reason to know of the defective condition of Defendants' products.

26.     At all times material hereto, Defendants' products were unreasonably dangerous, and therefore defective, because the Defendants recklessly and/or intentionally, with utter disregard for the Plaintiff BARBARA BOBO's safety:

8

(a) Failed to include adequate warnings that would alert Plaintiff and other consumers of the potential risks associated with asbestos exposure, including cancer, illness, disease and/or death;

(b) Failed to include adequate information or warnings with the asbestos and/or asbestos-containing products that would alert Plaintiff BARBARA BOBO and others similarly situated to refrain from being exposed to Defendants' products, without first providing alternative products and/or safety measures.

(c) Failed to provide warnings after the Defendants knew or should have known of the significant risks associated with Defendants' products.

27. At all times material hereto, there existed safer alternative and/or products other than the Defendants' asbestos-containing products.

28. As a direct and proximate result of the actions and inactions of the Defendants as set forth above, Plaintiff BARBARA BOBO was exposed to asbestos and has suffered and continues to suffer from mesothelioma and other related side effects such as serious mental, physical, and emotional injuries and economic damages.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff BARBARA BOBO demands judgment of the Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just.

## COUNT TWO

## NEGLIGENCE/ WANTONNESS
## (Against All Defendants, Except Metropolitan Life Insurance Company)

9

29.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

30.     At all times herein relevant, Defendants had a duty to exercise reasonable care and caution for the safety of Plaintiff BARBARA BOBO and others working with and around the Defendants' asbestos-containing products.

31.     The Defendants negligently and/or wantonly produced, sold, supplied or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

32.     The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

33.     As a designer, developer, manufacturer, distributor, supplier, and seller of the above-described asbestos and asbestos-containing products, the Defendants owed a duty to foreseeable users, handlers, and bystanders of said products to use ordinary care in designing, manufacturing, marketing, supplying and selling said products in such a manner as to render them safe for their intended and foreseeable uses.

34.     The Defendants were negligent and/or wanton in that they failed to exercise ordinary care and caution for the safety of Plaintiff BARBARA BOBO, as the spouse of James Bobo, in one or more of the following respects:

> a.     Including asbestos in their products, and using asbestos even though it was foreseeable that persons such as James Bobo and his family members such as Plaintiff BARBARA BOBO, working with and around them would inhale, ingest or otherwise absorb asbestos;

10

b.  Including asbestos in their products, and using asbestos when the Defendants knew or should have known that said asbestos would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.  Including asbestos in their products, and using asbestos when adequate substitutes for the asbestos in them were available;

d.  Failing to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e.  Failing to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.  Failing to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as James Bobo or his family members such as Plaintiff BARBARA BOBO might be exposed while working with or around their products;

g.  Designing, manufacturing and selling equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

35.  Defendants' actions, as stated herein, also constituted a conscious and flagrant disregard of the rights and safety of Plaintiff BARBARA BOBO and by engaging in such actions, Defendants acted with the necessary malice, fraud, and oppression that justifies holding them liable for punitive damages.

36.  Specifically, Defendants are guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice, and gross negligence and/or wantonness;

a.  Intentionally or with gross negligence and/or wantonness disregarded the safety of Plaintiff BARBARA BOBO, by including asbestos in their products, or using asbestos, even though it was completely foreseeable and could or

11

should have been anticipated that persons such as James Bobo and his family members such as Plaintiff BARBARA BOBO working with or around their products, would inhale, ingest or otherwise absorb asbestos;

b.  Intentionally or with gross negligence and/or wantonness disregarded the safety of Plaintiff BARBARA BOBO, by including asbestos in their products, or using asbestos, when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.  Intentionally or with gross negligence and/or wantonness disregarded the safety of Plaintiff BARBARA BOBO by including asbestos in their products, or using asbestos, when adequate substitutes for the asbestos in them were available;

d.  Intentionally or with gross negligence and/or wantonness disregarded the safety of Plaintiff BARBARA BOBO by removing any warnings regarding the dangers of asbestos from the packing of asbestos-containing products supplied to persons working with and around the products and using the products in their intended and/or reasonably foreseeable manner;

e.  Intentionally or with gross negligence and/or wantonness disregarded the safety of Plaintiff BARBARA BOBO by failing to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

f.  Intentionally or with gross negligence and/or wantonness disregarded the safety of Plaintiff BARBARA BOBO by failing to provide any or adequate instructions concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

g.  Intentionally or with gross negligence and/or wantonness disregarded the safety of Plaintiff BARBARA BOBO by failing to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as James Bobo or his family members such as Plaintiff BARBARA BOBO might be exposed while working with and around the products;

h.  Intentionally or with gross negligence and/or wantonness disregarded the safety of Plaintiff BARBARA BOBO by failing to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable

12

manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of Plaintiff BARBARA BOBO, and others similarly situated;

i.  Intentionally or with gross negligence an/or wantonness disregarded the safety of Plaintiff BARBARA BOBO by failing to take adequate steps to remedy the above failures, including but not limited to: (1) failure to recall or require removal of asbestos and asbestos products, coupled with; (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe; and, (3) failure to promptly and safely remove the asbestos now in place;

j.  Intentionally or with gross negligence and/or wantonness disregarded the safety of Plaintiff BARBARA BOBO by failing to require and/or advise workers and persons such as James Bobo's family members including Plaintiff BARBARA BOBO's of hygiene practices designed to reduce and/or prevent carrying asbestos fibers into the home.

37.  As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of the Defendants, Plaintiff BARBARA BOBO was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff BARBARA BOBO to develop mesothelioma. Plaintiff BARBARA BOBO has therefore been and will be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of her asbestos-induced mesothelioma and condition. Plaintiff BARBARA BOBO has also experienced and will experience great physical pain and mental anguish as a result of her asbestos-induced mesothelioma, as well as a substantial loss of income.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment of the Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just.

13

## COUNT THREE

## STRICT LIABILITY

### (Against All Defendants, Except Metropolitan Life Insurance Company)

38.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

extent necessary, pleads this cause of action in the alternative.

39.     The Defendants placed their asbestos and asbestos-containing products on the market

and knew or should have known they would be used without inspection for defects.

40.     Defendants failed to design, manufacture, market, distribute, supply, and sell asbestos

and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-

containing products in such a manner as to render them safe for their intended and foreseeable uses.

By way of example, and not limitation, Defendants:

        (a)    Failed to design, develop, manufacture and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendants knew or should have known that the foreseeable use of intended purpose of their products was by persons, such as Plaintiff BARBARA BOBO;

        (b)    Marketed and sold said products that were in an unreasonably dangerous and defective condition, presenting a hazardous risk to Plaintiff BARBARA BOBO's well being;

        (c)    Failed to recall or attempt to repair the defective products when Defendants are and have been aware of the propensity of said products to injure Plaintiff BARBARA BOBO;

        (d)    Failed to properly test said products to ensure that they were reasonably safe for use throughout their lifetime.

41.     Moreover, when Defendants' asbestos and asbestos-containing products left the

Defendants' possession and were placed on the market they were defective in that:

14

(a)     When used in the intended or reasonably foreseeable manner, the products were not reasonably safe for their intended use;

(b)     When used in the intended or reasonably foreseeable manner, the products failed to perform as safely as would be expected by an ordinary user or consumer;

(c)     When used in the intended or reasonably foreseeable manner, the products caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

42.     Defendants violated the requirements of Section 402A of the Restatement of Torts 2d,

all of which proximately resulted in Plaintiff BARBARA BOBO's asbestos-related mesothelioma.

43.     Additionally, although Defendants knew or, in the exercise of ordinary care, should

have known that their asbestos and asbestos-containing products and/or machinery requiring the use

of asbestos and/or asbestos-containing products were deleterious, and highly harmful to Plaintiff

BARBARA BOBO's health, Defendants nonetheless:

(a)     Failed to advise or warn Plaintiff BARBARA BOBO, her Husband and her Father of the dangerous characteristics of their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos containing products;

(b)     Failed to provide Plaintiff BARBARA BOBO, her Husband and her Father with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if any, to protect Plaintiff BARBARA BOBO from being harmed by exposure to asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

(c)     Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Plaintiff BARBARA BOBO, her Husband and her Father of the dangers to her health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

(d)     Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and

15

installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

44.     Defendants' products were also defective due to inadequate warning or instructions during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with their products and failed to provide reasonable and/or adequate warning or instruction in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Plaintiff BARBARA BOBO.

45.     As a direct and proximate result of using Defendants' asbestos and asbestos-containing products for the general purposes for which they were designed and intended, Plaintiff BARBARA BOBO was exposed to asbestos and was injured as described herein.

46.     Accordingly, Defendants are strictly liable to Plaintiff BARBARA BOBO for their failure to warn, and for the defective design and manufacture and/or marketing, distributing, supplying and selling a defective product.

## COUNT FOUR
## BREACH OF WARRANTY
### (Against All Defendants, Except Metropolitan Life Insurance Company)

47.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

48.     Defendants caused Plaintiff BARBARA BOBO's injuries and damages as stated above by manufacturing, selling, installing, and distributing asbestos-containing products and raw

16

materials which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which Plaintiff BARBARA BOBO had a right to rely and did rely.

49.    As a direct and proximate result of the breaches of these warranties, Plaintiff BARBARA BOBO was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff BARBARA BOBO to develop the aforesaid mesothelioma, which has disabled and disfigured and will disable and disfigure Plaintiff; Plaintiff BARBARA BOBO was and is compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of her asbestos-induced mesothelioma; and, Plaintiff BARBARA BOBO has experienced and will experience great physical pain and mental anguish as a result of her asbestos-induced mesothelioma and conditions. Plaintiff BARBARA BOBO has incurred and will incur substantial loss of income.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment of the Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just.

## COUNT FIVE

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

50.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

51.    Defendants impliedly warranted to Plaintiff BARBARA BOBO, her Husband and her Father that their products were fit for the ordinary uses for which they were designed and used.

52.     Plaintiff BARBARA BOBO relied on the Defendants' skill and judgment in manufacturing and selling products suitable for their intended uses.

53.     Defendants breached said implied warranties of fitness for a particular purpose in that the asbestos and/or asbestos-containing products to which Plaintiff BARBARA BOBO was exposed were defective and/or unreasonably dangerous and not suitable for use.

54.     At the time of making the implied warranties to Plaintiff BARBARA BOBO, the Defendants knew or should have known of the true defective and/or unreasonably dangerous condition of their products, and recklessly and/or intentionally gave the warranties regardless of this knowledge, making their breach of warranties intentional.

55.     As a direct and proximate consequence of the Defendants breach of implied warranties, Plaintiff BARBARA BOBO incurred medical expenses and bills, lost wages, endured physical pain and suffering, mental anguish, and sustained physical injuries and damages as a result of the exposure to the Defendants' asbestos and/or asbestos-containing products.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment of the Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just.

**COUNT SIX**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

56.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

57.     Defendants impliedly warranted that their products were of merchantable quality, fit, safe and in proper condition for the ordinary use for which they were designed and used.

58. Plaintiff, her Husband and Father relied on the Defendants' skill and judgment in using asbestos and /or asbestos-containing products suitable for their intended uses.

59. The Defendants breached said implied warranties of merchantability in that the Defendants' products used by Plaintiff BARBARA BOBO, her Husband and Father and inhaled by the Plaintiff BARBARA BOBO were defective and/or unreasonably dangerous to Plaintiff and of merchantable quality for the ordinary use for which Defendants' products were designed and used.

60. At the time of making the implied warranties to Plaintiff BARBARA BOBO, Defendants knew or should have known of the true defective and/or unreasonably dangerous condition of their products, and recklessly and/or intentionally gave the warranties regardless of their knowledge, making the breach of the warranties reckless and/or intentional.

61. As a direct and proximate consequence of the Defendants' breach of implied warranties, Plaintiff BARBARA BOBO incurred medical expenses and bills, lost wages, endured physical pain and suffering, mental anguish, and sustained physical injuries and damages as a result of her exposure to Defendants' asbestos and/or asbestos-containing products.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment of the Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just.

## COUNT SEVEN

## (PREMISES CLAIM AGAINST CONSOLIDATED ALUMINUM CORPORATION A/K/A CONLACO, INC. AND TENNESSE VALLEY AUTHORITY)

19

62.     Plaintiff BARBARA BOBO's husband, James Bobo, worked at premises owned and/or controlled by CONSOLIDATED ALUMINUM CORPORATION a/k/a CONLACO, INC. and TENNESSE VALLEY AUTHORITY (hereinafter "Premise Defendants") at which he worked with asbestos and/or asbestos-containing products, the dust from which gathered on his clothes thereby exposing Plaintiff BARBARA BOBO.

63.     While present at premises owned and/or controlled by Premise Defendants, Plaintiff BARBARA BOBO's husband continuously worked with and around asbestos and/or asbestos-containing products without the provision of appropriate safeguards by Premise Defendants who had the responsibility for such, thereby exposing Plaintiff BARBARA BOBO to asbestos through her Husband's dusty work clothes.

64.     Plaintiff will further show that Plaintiff BARBARA BOBO's injuries and diseases were the result of intentional acts and/or omissions and/or negligence, gross negligence and malice in the use of asbestos at premises owned and/or controlled by the Premise Defendants.   Premise Defendants failed to properly remove and/or abate said asbestos at these facilities during the time Plaintiff BARBARA BOBO's husband was working there, thereby exposing Plaintiff BARBARA BOBO to asbestos through her Husband's dusty work clothes.

65.     Plaintiff BARBARA BOBO will show that the Premise Defendants were negligent, grossly negligent and malicious, and committed certain intentional acts, all of which were the proximate cause of Plaintiff BARBARA BOBO's disease and injuries resulting in Mesothelioma from exposure to asbestos.

66.     In particular, Plaintiff BARBARA BOBO will show that Premise Defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff BARBARA BOBO, and that such intentional acts and omissions proximately caused Plaintiff BARBARA BOBO's disease and injuries.

67.     Specific intentional acts and acts constituting negligence, wantonness, gross negligence and malice committed by Premise Defendants that proximately caused Plaintiff BARBARA BOBO's injuries and disease include:

(a)     Failure to provide safe equipment for Plaintiff BARBARA BOBO's husband to use, thereby exposing Plaintiff BARBARA BOBO to asbestos;

(b)     Failure to provide adequate safety measures and protection against deadly and life-threatening asbestos dust, all despite Premise Defendants' knowledge of the extreme risk of harm inherent to asbestos exposure;

(c)     Failure to adequately warn Plaintiff BARBARA BOBO of the inherent dangers of asbestos contamination;

(d)     Failure to maintain the ambient and environmental conditions of the premises in proper and safe condition;

(e)     Failure to follow and adhere to various states and U.S. Government statutes, regulations and guidelines pertaining to asbestos and the exposure to asbestos of individuals. Such failure constituted negligence per se at a minimum. Plaintiff is not making claims for damages under federal law.

68.     Plaintiff will further show that Premise Defendants intentionally, knowingly, and/or due to negligence, wantonness, gross negligence and malice, failed to ensure that individuals such as Plaintiff BARBARA BOBO were protected from the inhalation of asbestos and asbestos fibers. Such actions proximately caused Plaintiff BARBARA BOBO's injuries and illness.

21

69.     Additionally, specific actions or omissions on the part of Premise Defendants that proximately caused Plaintiff BARBARA BOBO's injuries and illness were:

      (a)     Attempting to remove asbestos dust in their workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

      (b)     Failing to provide proper protective gear for individuals exposed to asbestos;

      (c)     Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

      (d)     Failing to provide a proper and safe method for the use of asbestos and asbestos fibers;

      (e)     Failing to adhere to industry safe standards and other established measures to protect workers from harm;

      (f)     Failing to adequately warn of the extreme risk of danger inherent to asbestos exposure.

      (g)     Premise Defendants demonstrated such an entire want of care as to establish that their acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff BARBARA BOBO.

## COUNT EIGHT

## CONSPIRACY

### (Against Metropolitan Life Insurance Company Only)

70.     Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products to which Plaintiff BARBARA BOBO was exposed, and such assistance by Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by such manufacturers which proximately caused Plaintiff BARBARA BOBO's illness, injuries, and disabilities.

71.     In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

72.     Plaintiff BARBARA BOBO unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

73.     As a direct and proximate contributing result of METROPOLITAN LIFE's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff BARBARA BOBO from asbestos exposure was increased, and (ii) Plaintiff BARBARA BOBO suffered the injuries described below.

In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including Plaintiff BARBARA BOBO.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment of the Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just.

23

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BARBARA BOBO requests that the Court enter an order or

judgment against the Defendants as follows:

(a)   Adjudge and decree that the Defendants have engaged in the conduct alleged
      herein;

(b)   For economic damages in an amount not yet ascertained, but in excess of
      $1,000,000;

(c)   For noneconomic damages in an amount not yet ascertained, but in excess of
      $5,000,000;

(d)   For punitive damages according to proof;

(e)   For both pre and post-judgment interest at the maximum allowable rate on any
      amounts awarded;

(f)   For costs of the proceedings herein;

(g)   Any and all such other and further relief that this court may deem just and proper.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff demands judgment of

the Defendants, for compensatory and punitive damages in an amount determined by the jury to be

necessary and just.

Respectfully submitted this the 24 day of May, 2012.

Rebekah Keith McKinney (ASB-3137-T64J)
Attorney for Plaintiff
WATSON MCKINNEY, LLP
203 Greene Street SE
Huntsville, AL 35801
(256) 536-7423 Telephone
(256) 536-2689 Fax
mckinney@watsonmckinney.com

24

Of Counsel:

Rachel Perkins, Esq.
David C. Greenstone, Esq.
SIMON GREENSTONE PANATIER BARTLETT, P.C.
3232 McKinney Ave., Suite 610
Dallas, TX 75204
214-276-7680
Facsimile No. 214-276-7699

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY OF ALL ISSUES.**

Rebekah Keith McKinney

**Please Serve Defendants By Certified Mail As Follow:**

AGCO CORPORATION f/k/a ALLIS CHALMERS COMPANY (sued as successor to MASSEY FERGUSON LIMITED)
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION)
51 W. 52nd St.
New York, NY 10019

CONOPCO, INC. d/b/a UNILEVER UNITED STATES, INC. (individually and successor-by-merger to HELENE CURTIS INDUSTRIES, INC.)
CT Corporation System
111 Eighth Ave.
New York, NY 10011

CONSOLIDATED ALUMINUM CORPORATION a/k/a CONLACO, INC.
c/o National Corporate Research, Ltd.
10 East 40th Street, 10th Floor
New York, New York, 10016

25

DANA COMPANIES LLC (sued individually and as successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY)
3939 Technology Drive
Maumee, OH  43537

FORD MOTOR COMPANY
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

METROPOLITAN LIFE INSURANCE COMPANY
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

TENNESSE VALLEY AUTHORITY
400 W. Summit Hill Drive
Knoxville, TN 37902

UNILEVER UNITED STATES, INC. (individually and successor-by-merger to HELENE CURTIS INDUSTRIES, INC.)
The Corporation Trust Company,
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

26