UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

BARBARA BOBO, )
 )
 Plaintiff, )
 )
vs. ) Civil Action No. CV-12-S-1930-NE
 )
AGCO CORPORATION, *et al.*, )
 )
 Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Barbara Bobo, allegedly suffers from malignant mesothelioma resulting her exposure to asbestos as a consequence of the actions of defendants.[1] Plaintiff originally asserted claims against nine defendants: *i.e.*, (*i*) Agco Corporation, *formerly known as* Allis Calmers Company, *sued as successor to* Massey Ferguson Limited ("Agco"); (*ii*) CBS Corporation, *formerly known as* Viacom, Inc., *sued as successor-by-merger to* CBS Corporation, *formerly known as* Westinghouse Electric Corporation ("CBS"); (*iii*) Conopco, Inc., *doing business as* Unilever United States, Inc., *sued individually and as successor-by-merger* to Helene Curtis Industries, Inc. ("Conopco"); (*iv*) Consolidated Aluminum Corporation, *also known as* Conlaco, Inc. ("Consolidated Aluminum"); (*v*) Dana Companies LLC, *sued individually and as successor-in-interest to* Victor Gasket Manufacturing Company

---

[1] Doc. no. 1 (Complaint) ¶ 17.

("Dana"); (*vi*) Ford Motor Company ("Ford"); (*vii*) Metropolitan Life Insurance Company ("MetLife"); (*viii*) the Tennessee Valley Authority; and (*ix*) Unilever United States, Inc., *sued individually and as successor-by-merger to* Helene Curtis Industries, Inc. ("Unilever").[2]  In accordance with the parties' joint stipulations of dismissal, this court has dismissed the claims against seven defendants:  *i.e.*, Ford; Agco; Conopco; Unilever; Consolidated Aluminum; CBS; and Dana.[3]  Thus, only plaintiff's claims against MetLife and the Tennessee Valley Authority remain pending.  This action is before the court upon the Authority's motion to dismiss plaintiff's punitive damages claim and strike her jury demand, and upon plaintiff's motion for leave to amend her complaint.[4]  Upon consideration, the Authority's motion will be granted, and plaintiff's motion will be denied.

## MOTION TO DISMISS PLAINTIFF'S PUNITIVE DAMAGES CLAIM AND STRIKE HER JURY DEMAND

The Tennessee Valley Authority moves to dismiss plaintiff's punitive damages

---

[2] *Id.* ¶ 3-11.

[3] *See* doc. no. 18 (Stipulation of Dismissal against Ford); doc. no. 19 (Order of Dismissal against Ford); doc. no. 44 (Stipulation of Dismissal against Agco); doc. no. 45 (Order of Dismissal against Agco); doc. no. 47 (Stipulation of Dismissal against Conopco and Unilever); doc. no. 48 (Order of Dismissal against Conopco and Unilever); doc. no. 53 (Stipulation of Dismissal against Consolidated Aluminum); doc. no. 56 (Order of Dismissal against Consolidated Aluminum); doc. no. 60 (Stipulation of Dismissal against CBS); doc. no. 61 (Order of Dismissal against CBS); doc. no.62 (Stipulation of Dismissal against Dana); doc. no. 64 (Order of Dismissal against Dana).

[4] *See* doc. no. 65 (Motion to Dismiss Plaintiff's Punitive Damages Claim and Strike her Jury Demand); doc. no. 71 (Motion for Leave to Amend).

claim because "[the Authority] is immune to claims for punitive damages." *North Alabama Electric Cooperative v. TVA*, No. 5:10-CV-03252-CLS, Mem. Op. at 7 (N.D. Ala. Sept. 28, 2011) (alteration supplied) (citing *Sierra Club v. TVA*, 430 F.3d 1337, 1357 (11th Cir. 2005); *Heathcott v. Potts*, 905 F.2d 367, 372 (11th Cir. 1990)).[5] Further, the Authority moves to strike plaintiff's jury demand because "a plaintiff does not have the right to a jury trial in a suit against [the Authority]." *North Alabama Electric Cooperative v. TVA*, No. 5:10-CV-03252-CLS, Mem. Op. at 7-8 (alteration supplied) (citing *Mays v. TVA*, 699 F. Supp. 2d 991, 1033 (E.D. Tenn. 2010); *United Nuclear Corp. v. TVA*, No. 86 AR-5308-NW, Mem. Op. at 2-6 (N.D. Ala. July 31, 1987)).[6] Plaintiff "does not oppose" the Authority's motion.[7] Accordingly, this court will grant the motion.

## MOTION FOR LEAVE TO AMEND

Plaintiff moves for leave to amend her complaint to allege that plaintiff's husband worked "as a laborer at Brown's Ferry Nuclear Plant in Athens, Alabama from 1975-1997," *not* from 1975-1985.[8] Plaintiff filed her motion nearly five months

---

[5] Doc. no. 66 (Brief in Support of Motion to Dismiss Plaintiff's Punitive Damages Claim and Strike her Jury Demand), at 2.

[6] *Id.* at 3.

[7] Doc. no. 73 (Response to Motion to Dismiss Plaintiff's Punitive Damages Claim and Strike her Jury Demand), at 1.

[8] Doc. no. 71 (Motion for Leave to Amend), at 1.

after the entry of this court's November 6, 2012 scheduling order stating that "[n]o causes of action, defenses, or parties may be added," and within several hours of the filing of the Authority's motion for summary judgment on discretionary function grounds.[9]

Plaintiff relies on Federal Rule of Civil Procedure *15*, which provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. Proc. 15(a)(2) (alteration supplied). However, "when a motion to amend is filed after a scheduling order deadline, Rule *16* is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Systems*, 133 F.3d 1417 (11th Cir. 1998) (emphasis supplied). Under Rule 16, a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

*Sosa*, 133 F.3d at 1418 (alterations in original) (footnote omitted).

In her motion, plaintiff makes no mention of the existence of the November 6, 2012 scheduling order, or offer any cause, let alone good cause, for the tardiness of

---

[9] *See* doc. no. 46 (Scheduling Order), at 1 (alteration supplied); doc. no. 69 (Motion for Summary Judgment).

her attempt to add claims against the Authority for twelve additional years of alleged asbestos exposure.[10] The Authority correctly argues that, "[w]hile Plaintiff's proposed new claims involve the same core theory — that [the Authority] unlawfully exposed her husband to asbestos which in turn led to her exposure — . . . each new alleged exposure constitutes a new claim requiring discovery."[11] *See, e.g.*, *Dixon v. City of Selma*, No. 2:10-0478-KD-N, 2011 U.S. Dist. LEXIS 26560, *5 (S.D. Ala. Mar. 11, 2011) (denying leave to amend a complaint to add "new claims *and factual allegations*" after entry of a scheduling order) (emphasis supplied).

In *Dimensional Communications, Inc. v. Oz Optics, Ltd.*, 148 F. App'x 82 (3d Cir. 2005), the Third Circuit affirmed a holding that a party "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession of the facts underlying its proposed [claim] well before the amendment deadline." *Id.* at 85 (alterations supplied). Here, plaintiff claims that the Authority's liability arises from her exposure to asbestos through contact with her husband's clothing during the period that he worked as a laborer at the Authority's Browns Ferry Nuclear Plant.[12] It strains the bounds of reason to assume that plaintiff was not aware at the filing of this action that her husband had worked at the nuclear plant for the twenty-two-year period

---

[10] *See* doc. no. 71 (Motion for Leave to Amend).

[11] Doc. no. 74 (Response to Motion for Leave to Amend), at 8 n.4 (alterations supplied).

[12] Doc. no. 1 (Complaint) ¶12(a); doc. no. 41 (Rule 26(f) Report) ¶ 1(a).

between 1975 and 1997 alleged in her amended complaint, as distinguished from the ten-year period between 1975 and 1985 alleged in her original complaint.

Accordingly, this court finds that plaintiffs' failure to timely add claims for twelve additional years of alleged asbestos exposure was the result of a lack of diligence in pursuing her claims, and that plaintiff has not borne her burden of showing good cause for allowing a belated amendment to her complaint after the entry of a scheduling order and the filing of defendant's motion for summary judgment. *See Anderson v. Board of School Commissioners*, 78 F. Supp. 2d 1266, 1269 (S.D. Ala. 1999).[13]  In doing so, this court need not address the Authority's

---

[13] The *Anderson* court denied the plaintiffs' motion for leave to file an amended complaint on similar facts, reasoning as follows:

> Notwithstanding this good cause requirement under Rule 16(b), plaintiffs neither cite Rule 16(b) in their motions nor offer any good cause for filing their proposed amendments after the scheduling order deadline.  Indeed, plaintiffs admit that no facts have changed since their original complaints were filed.  Thus, it is clear that plaintiffs could have included the Title VII and § 1983 claims in their original complaints, particularly since they had ample opportunity to research the law and file their proposed amendments before the scheduling order deadline.
>
> The court therefore finds that plaintiffs' failure to amend their complaints prior to the February 1, 1999 scheduling order deadline was the result of a lack of diligence in pursuing their claims.  As a result, plaintiffs have failed to demonstrate that their failure to comply with the scheduling order deadline was supported by good cause as required by Rule 16(b).  *See Sosa*, 133 F.3d at 1418 (stating that good cause standard articulated by Rule 16(b) precludes modification of a scheduling order deadline unless it cannot "be met despite the diligence of the party seeking the extension").  Accordingly, plaintiffs' motions for leave to amend their complaints to add claims under Title VII and 42 U.S.C. § 1983 are due to be denied.

*Anderson*, 78 F. Supp. 2d at 1269.

remaining arguments, including that permitting the proposed amendment to plaintiff's complaint would be futile, and that it would unfairly prejudice the Authority.[14]

## CONCLUSION

For the reasons explained above, the Tennessee Valley Authority's motion to dismiss plaintiff's punitive damages claim and strike her jury demand is GRANTED, and plaintiff's motion for leave to amend her complaint is DENIED.

DONE and ORDERED this 15th day of April, 2013.

_____
United States District Judge

---

[14] Doc. no. 74 (Response to Motion for Leave to Amend), at 1.